IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

RAYNELL HILL,

       Plaintiff,

Vs.

                                    No. 12-2635-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the defendant Commissioner of Social Security ("Commissioner") that denied the claimant Raynell Hill's ("Hill") application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Alleging a disability onset set date of January 5, 2007, based on a combination of impairments including back and ankle pain related to a 1984 automobile accident, vision problems, anxiety, and depression. (R. 21, 23, 30-33). The administrative law judge ("ALJ") filed his decision on November 3, 2009, finding that Hill was not disabled. (R. 9-15). The Appeals Council on July 25, 2012, denied Hill's request for review, so the ALJ's decision stands as the Commissioner's final decision. With the administrative record (Dk. 9) and the parties' briefs on file pursuant to D. Kan. Rule 83.7.1 (Dks. 17, 22 and 27), the case is ripe for review and decision.

**STANDARD OF REVIEW**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that the Commissioner's finding "as to any fact, if supported by substantial evidence, shall be conclusive." The court also reviews "whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Persales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The review for substantial evidence "must be based upon the record taken as a whole" while keeping in mind "evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks and citations omitted). In its review of "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, . . . [the court] will not reweigh the evidence or substitute . . . [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks and citation omitted).

The court's duty to assess whether substantial evidence exists: "is not merely a quantitative exercise. Evidence is not substantial 'if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians)--or if it really constitutes not evidence but

mere conclusion.'" *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988) (quoting *Fulton v. Heckler*, 760 F.2d 1052, 1055 (10th Cir. 1985)). At the same time, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d at 1084 (internal quotation marks and citation omitted). The court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been made." *Wall v. Astrue*, 561 F.3d at 1052 (internal quotation marks and citation omitted).

By statute, a disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

A five-step sequential process is used in evaluating a claim of disability. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The first step entails determining whether the "claimant is presently engaged in substantial gainful

activity." *Wall v. Astrue*, 561 F.3d at 1052 (internal quotation marks and citation omitted). The second step requires the claimant to show he suffers from a "severe impairment," that is, any "impairment or combination of impairments which limits [the claimant's] physical or mental ability to do basic work activities." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (internal quotation marks and regulatory citations omitted). At step three, the claimant is to show his impairment is equivalent in severity to a listed impairment. *Lax*, 489 F.3d at 1084. "If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show that the impairment or combination of impairments prevents him from performing his past work." *Id.* Should the claimant meet his burden at step four, the Commissioner then assumes the burden at step five of showing "that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy" considering the claimant's age, education, and work experience. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (internal quotation marks and citation omitted). Substantial evidence must support the Commissioner's showing at step five. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**ALJ'S DECISION**

At step one, the ALJ found Hill had not engaged in substantial gainful activity since January 5, 2007. At step two, the ALJ found the following

4

severe impairments: "remote history of left ankle fracture with development of residual osteoarthritis." (R. 11). The ALJ excluded from this listing the following impairments as non-severe: hypertension, mild depression, adjustment disorder with mixed anxiety and depression. At step three, the ALJ did not find that the impairments, individually or together, equaled the severity of the Listing of Impairments. Before moving to steps four and five, the ALJ determined that Hill had the residual functional capacity ("RFC") to perform:

> some light work as defined in 20 CFR 416.967(b) including lifting and carrying twenty pounds occasionally and ten pounds frequently, sitting six hours per day, standing and walking two hours per day, occasionally crouching, crawling, kneeling, bending, reaching, and climbing stairs, and never climbing ropes, ladders or scaffolds or operating foot controls.

(R. 12). At step four, the ALJ found that the claimant had no past relevant work. (R. 13). At step five, the vocational expert provided testimony from which the ALJ concluded that "the clamant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 14). A decision of "not disabled" was filed.

**ISSUE ONE: SUBSTANTIAL EVIDENCE FOR RFC FINDING**

Citing and summarizing SSR 96–8p which interprets the rules for assessing RFC, the plaintiff challenges that the record lacks competent medical opinion evidence to sustain the ALJ's finding that Hill has the RFC to perform light work. Specifically, the plaintiff contends there is no medical evidence to

5

show that Hill can lift and carry 20 pounds occasionally and 10 pounds frequently. The plaintiffs notes the only medical opinion on RFC comes from the consulting examiner, Dr. Tawadros, who reviewed Dr. Schultz' examination report and then concluded that Hill could lift and carry only ten pounds, both occasionally and frequently. (R. 454-460). The plaintiff challenges that the ALJ did not discuss or identify what weight was given Dr. Tawadros' opinion and did not mention the examination report prepared by Dr. Schultz. The plaintiff surmises that the ALJ ignored these opinions. Finally, the plaintiff attacks the ALJ's decision for not providing a narrative discussion of the evidence supporting the RFC assessment and, therefore, leaving the impression that the RFC assessment is based on no more than the ALJ's uninformed lay opinion.

As part of the RFC assessment, the ALJ found that Hill's statements were not credible insofar as they were contrary to the RFC assessment and that the evidence showed Hill "retained a substantial work capacity despite her alleged symptoms and limitations." (R. 13). The ALJ cited the objective medical evidence found in the 2006 consultative examinations which revealed some restricted motion in left ankle and mild impairment with gait and in the 2007 consultative examination which showed full range of motion with left ankle and no impairment in gait. (R. 13). The ALJ observed the claimant's inconsistent statements in testifying at the hearing that she could

only walk two blocks and then in having said she "walks a lot" as found in a medical record. *Id*. The ALJ noted her extensive range of daily living activities and her ability to walk in the hearing room "without noticeable difficulty." (R. 13). The ALJ found nothing in the medical record to support Hill's testimony about a limitation on sitting. The ALJ also stated that the medical records from treating Hill's ankle were reviewed. He found evidence of "occasional treatment for pain and swelling of the left ankle which resolves with treatment such as cortisone steroid injections." (R. 13). He also summarized what other treatment options were being discussed. Finally, the ALJ noted:

> The record indicates that until May, 2007 the claimant was capable of standing and walking a total of six hours out of an eight hour day, recent reports indicate that she is more limited. Thus undersigned has reduced her residual functional capacity to two hours for purposes of this decision.

*Id*.

"Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined." *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009). Because it is for the ALJ, not the physician, to determine the RFC from the medical record, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012 (citation omitted). "In reaching his RFC determination, an ALJ is

permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file." *Wells v. Colvin*, 727 F.3d 1061, 1071-72 (10th Cir. 2013) (citing *See* SSR 96-8p, 1996 WL 374184, at *5). "The RFC determination necessarily reflects how the ALJ has respectively weighed the medical opinions of record." *Roggi v. Colvin*, 2013 WL 5304084 at *13 (D. Kan. Sept. 20, 2013).

The ALJ's decision reflects that he not only cited Dr. Tawadros' opinion, including her additional comments, (R. 13, Ex. 21F), but his RFC determinations on standing and frequent lifting and carrying also match those opined by Dr. Tawadros. (R. 13 and 454). For that matter, the ALJ also discussed Dr. Schultz's treatment notes in referencing that Hill received a cortisone steroid injection for her ankle as part of her occasional treatment for pain and swelling. (R. 13, 451, and 460). The ALJ's decision does not show that he ignored the opinions and reports of either physician as argued by the plaintiff. The case law does not require an exact correspondence between the ALJ's RFC determination and Dr. Tawadros' medical opinion on functional capacity. The plaintiff has not shown any material conflicts between the ALJ's RFC determination and any of the medical evidence of record. Occasionally lifting 20 pounds is a finding entirely consistent with the total evidence of record, including the plaintiff's daily living activities. A remand for a more detailed discussion of Dr. Tawadros' opinion on this particular limitation is

8

unnecessary when the court is satisfied that ALJ's RFC determination is not an uninformed lay opinion but is otherwise consistent with the entire record, including the medical evidence as a whole. *See Wall v. Astrue*, 561 F.3d 1048, 1068-69 (10th Cir. 2009).

**ISSUE TWO:   THIRD PARTY STATEMENT OF JOYCE WARREN**

The record includes two third-party function reports completed by Hill's sister, Joyce Warren, and dated January 31, 2007, and July 24, 2007, respectively. (R. 145-153, 190-198). Although it does not mention specifically these reports, the ALJ's decision sets out that "all the evidence" or "the entire record" was carefully considered. (R. 9, 11). The plaintiff argues error by presuming the ALJ failed to consider this third party testimony as to its consistency with the plaintiff's pain testimony and as evidence of the plaintiff's symptoms and impact on her ability to work. The plaintiff does not identify how Warren's statements significantly corroborate or supplement the plaintiff's pain testimony or symptoms. Warren's brief answers offer little more than a nominal affirmation of the plaintiff's daily activities and the plaintiff's allegations that pain was the reason for staying off her feet.

The Commissioner concedes the ALJ's decision omits any specific discussion by name of the sister's testimony but argues her testimony is "largely cumulative" of the claimant's so reversal is not required, citing *Brescia v. Astrue*, 287 Fed. Appx. 626, 630-31 (10th Cir. 2008), which held:

> While the ALJ did not explicitly discuss the statements of Ms. Brescia's sister and friend, we do not believe this omission is grounds for remand given the nature of their evidence, which was largely cumulative of Ms. Brescia's testimony and written statements. *See Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) (rejecting a rule requiring an ALJ to make specific written findings concerning each witness's credibility); *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (holding that an ALJ is not required to discuss every piece of evidence). Further, where, as here, the ALJ's decision states that he considered all of the evidence, "our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

*Id*. In reply, the plaintiff challenges that the "largely cumulative" argument is a "post hoc rationalization" and that reversal and remand is required because the ALJ failed to mention specifically the sister's testimony.

The court does not find error here. *See Blanton v. Astrue*, 2013 WL 65447 at *4 (D. Kan. 2013). As the above cases demonstrate, an argument over the cumulative nature of the evidence is not subject to the "post hoc rationalization" rule. Warren's reports are consistent with and essentially cumulative of the claimant's own testimony and reports concerning her daily living activity statements on the nature and severity of her conditions. Many of the answers appearing on Warren's reports are brief, uncertain and indefinite in nature. Thus, her reports simply offer no further insights into the plaintiff's condition and offer only the barest corroboration of the plaintiff's own testimony and reports. The ALJ properly evaluated the weight and credibility of the plaintiff's alleged conditions based on the medical treatment evidence, a psychologist's impression of malingering, the ALJ's observation of the

10

plaintiff's movement at the hearing, the plaintiff's inconsistencies in reporting her physical activities, and the level and regularity of the plaintiff's daily living activities. The ALJ's decision emphasizes a careful consideration of "all the evidence" and "the entire record." (R. 9, 11). The court concludes the plaintiff has not shown error that requires remand based on nothing more than the ALJ's failure to list or mention the sister's reports in this instance. *See Childers v Colvin*, 2013 WL 3756571 at *6-*7 (D. Kan. 2013).

**ISSUE THREE: DEVELOPMENT OF THE RECORD**

The plaintiff next argues that, "[u]nder the circumstances, the ALJ was required to obtain information from a medical professional with regard to Ms. Hill's RFC." The plaintiff does not explain specifically what "circumstances" support this argument. Conceding that her counsel did not request further development of the record, the plaintiff stands on the unexplained position, "the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain more evidence regarding her functional limitations." Dk. 17, pp. 28-29).

This court has recognized that the Tenth Circuit law applicable on the ALJ's duty to develop the medical evidence for the record is found in the case of *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006), which held:

> "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997); 20 C.F.R. § 404. 1512(a) ("[Y]ou must bring to our attention everything that shows that you are ... disabled.").

11

> Nevertheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[ ] fully into the issues"). Generally, this means that the "ALJ has the duty to . . . obtain[ ] pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). Moreover, the ALJ's "duty is heightened" when a claimant, like Mr. Madrid, appears before the ALJ without counsel. *Henrie*, 13 F.3d at 361; *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (same); *see also Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel.").

*Aldrich v. Colvin*, 2013 WL 4768065 at *6 (D. Kan. 2013). The Tenth Circuit recently summarized the relevant law:

> In disability proceedings, the Social Security Administration bears a duty to develop the record. *Wall v. Astrue*, 561 F.3d 1048, 1062–63 (10th Cir. 2009). But to trigger this duty, the claimant must raise the issue to be developed and that issue must be substantial on its face. *Id.* at 1063. As a result, the claimant must ensure that the record contains evidence suggesting a reasonable possibility of a severe impairment. *Id.* In deciding whether the record is sufficient, we must consider whether objective evidence suggests a condition which could materially affect the disability decision and require further investigation. *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

*Villalobos v. Colvin*, 2013 WL 4504778 at *1 (10th Cir. 2013). The plaintiff does not point to her counsel arguing before the ALJ that the record was inadequate or insufficient and requesting any additional examinations or records. The plaintiff's brief does not identify what issues, substantial on their face, would require more investigation based on the objective evidence. Finding none, the

12

court concludes this issue is without merit.

**ISSUE FOUR:   HYPOTHETICAL QUESTION**

The plaintiff argues the ALJ erred in omitting from his hypothetical questions to the vocational expert any mention of her non-exertional limitations, in particular the pain attributable to her left ankle fracture. The Commissioner points to the ALJ's credibility findings that accepted the plaintiff's pain complaints as partially credible and accounted for these complaints by limiting her to light weight. Having failed to show that the ALJ's credibility findings and RFC findings are not supported by substantial evidence, the plaintiff is unable to prevail on this claim as well.

An ALJ must accept and include in his hypothetical questions only those limitations supported by substantial evidence of record. *Shepherd v. Apfel*, 184 F.3d 1196, 1203 (10th Cir. 1999) ("claimant's testimony . . ., by itself, is insufficient to establish the existence of an impairment" for inclusion in a hypothetical). The ALJ is not required to include in a hypothetical question limitations "claimed by plaintiff but not accepted by the ALJ as supported by the record." *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995). Consequently, it is enough if the posed hypothetical question "adequately reflected the impairments and limitations that were borne out by the evidentiary record." *Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013).

13

The ALJ here properly included in his hypothetical question only those limitations he found to be credible from the evidence of record. Having discounted the credibility of the plaintiff's pain complaints, the ALJ was not compelled to include these in his question. The court is satisfied that the ALJ did not err in limiting his hypothetical to those findings that are supported by substantial evidence.

The plaintiff's reply brief raises for the first time a new argument concerning the ALJ's failure to consider the plaintiff's obesity in combination with her other impairments. Arguments raised for the first time in a reply brief are waived and will not be considered by the court. *Water–Pik, Inc. v. Med–Systems, Inc.*, 726 F.3d 1136, 1160 (10th Cir. 2013); *Lynch v. Barrett*, 703 F.3d 1153, 1160 n. 2 (10th Cir.), *cert. denied*, 133 S. Ct. 2352 (2013). This argument was waived.

IT IS THEREFORE ORDERED that the decision of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 28th day of February, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge